IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SYLVESTER O'NEIL LEE,
    Petitioner,

vs.                                        Case No.: 5:17cv142/MCR/EMT

JULIE L. JONES,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court on Petitioner's petition for writ of habeas corpus and incorporated memorandum of law, filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 21). Petitioner responded in opposition to the motion (ECF No. 23).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted in the Circuit Court in and for Bay County, Florida, Case No. 1984-CF-109, of kidnapping, sexual battery with a deadly weapon, robbery with a firearm, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. *See* Lee v. State, 508 So. 2d 1300 (Fla. 1st DCA 1987). On direct appeal to the Florida First District Court of Appeal ("First DCA"), Case No. BL-351, the court overturned the convictions, due to the erroneous admission of collateral crime evidence, and remanded the case for a new trial. *See id.* The First DCA certified a question of great public importance to the Florida Supreme Court. *See id.* The Florida Supreme Court held, in Case No. SC60-70882, that the First DCA correctly reversed Petitioner's convictions and remanded for a new trial. *See* State v. Lee, 531 So. 2d 133 (Fla. 1988).

On re-trial, Petitioner was convicted of kidnapping, sexual battery with a deadly weapon, robbery with a firearm, and possession of a firearm by a convicted felon. *See* Lee v. State, 566 So. 2d 264 (Fla. 1st DCA 1990). On direct appeal, Case No. 89-136, the First DCA again overturned the convictions, due to the erroneous admission of

collateral crime evidence, and remanded the case for a new trial. *See id.* The State sought review in the Florida Supreme Court, Case No. SC60-76813, but the court denied review. *See* State v. Lee, 576 So. 2d 291 (1990) (Table).

Following Petitioner's third trial, he was convicted of kidnapping with a firearm, robbery with a firearm, and sexual battery with a firearm.[1] *See* Lee v. State, 606 So. 2d 1222, 1223 (Fla. 1st DCA 1992). Petitioner was found to be a habitual felony offender. *Id.* Petitioner elected to be sentenced under the sentencing guidelines, which recommended a life sentence. *Id.* Petitioner was sentenced to three consecutive life sentences. *Id.* Petitioner appealed to the First DCA, Case No. 91-1762. On October 12, 1992, the First DCA affirmed the convictions and sentences, except for the habitual offender classification for the sexual battery offense. *Id.* at 1226. The First DCA denied Petitioner's motion for rehearing on November 16, 1992. *See id.* Petitioner sought review in the Florida Supreme Court, Case No. SC60-80622, but the court denied review on March 15, 1993. *See* State v. Lee, 617 So. 2d 320 (1993) (Table).

---

[1] Prior to trial, the court granted the defense's motion to sever the possession of a firearm by a convicted felon charge. Additionally, the charge of possession of a firearm during the commission of a felony was dismissed on double jeopardy grounds.

On or about March 16, 1995, Petitioner filed a motion for post-conviction relief in the state circuit court (*see* Ex. A; Ex. D1 at 75). On April 15, 1996, the circuit court issued a final order denying the motion (*see id.*). The court denied Petitioner's motion for rehearing on April 14, 1997 (*see id.*). Petitioner appealed to the First DCA, Case No. 97-1886. On February 24, 1998, the First DCA affirmed per curiam without written opinion. *See* Lee v. State, 717 So. 2d 1004 (Fla. 1st DCA 1998) (Table). The mandate issued March 26, 1998.

On November 17, 2011, Petitioner filed another motion for post-conviction relief in the state circuit court (Ex. C1 at 1–75). The court struck the motion as facially insufficient on January 20, 2012, with leave to file a facially sufficient motion within thirty (30) days (*id.* at 76). Petitioner filed an amended motion on February 14, 2012 (*id.* at 77–138). On August 17, 2012, the circuit court dismissed the motion as untimely under Rule 3.850(b) (i.e., it was filed beyond two years from the date Petitioner's judgment and sentence became final) (Ex. C2. at 254–55). Petitioner appealed the decision to the First DCA, Case No. 1D12-5716 (Ex. C2 at 296–97; Ex. C3). The First DCA affirmed the lower court's decision per curiam without written opinion on January 28, 2013 (Ex. C5). *See* Lee v. State, 106 So. 3d 932 (Fla. 1st DCA 2013) (Table). The mandate issued on February 25, 2013 (Ex. C6).

On July 10, 2012, while Petitioner's Rule 3.850 motion was pending in the circuit court, Petitioner filed a petition for writ of mandamus in the First DCA, Case No. 1D12-3646, requesting the court to compel the circuit court to rule on his motion (Ex. E1). On February 10, 2014, the First DCA dismissed the petition for writ of mandamus as moot (Ex. E4).

On July 30, 2013, Petitioner filed a third post-conviction motion (titled as a petition for writ of habeas corpus) in the state circuit court (Ex. D1 at 1–73). The state court dismissed the petition on November 21, 2013, finding that it was more appropriately considered as a motion for post-conviction relief under Rule 3.850, and as such, was untimely filed (*id.* at 74–76). The court also determined that the claims presented in the motion were procedurally barred (*id.*). The court additionally cautioned Petitioner against filing additional successive post-conviction motions in the future (*id.*). Petitioner appealed the decision to the First DCA, Case No. 1D14-16 (Ex. D1 at 168–70, Ex. D2, Ex. D3, Ex. D4). The First DCA affirmed per curiam without written opinion on June 12, 2014 (Ex. D5). *See* Lee v. State, 143 So. 3d 926 (Fla. 1st DCA 2014) (Table). The mandate issued on August 15, 2014 (Ex. D8).

Petitioner filed the instant § 2254 petition on May 12, 2017 (ECF No. 1). He asserts the following claims:

Ground One: "Florida's 180 day speedy trial period starts when a defendant is arrested on felony charges and placed in custody. If the prosecutor all [sic] the 180 day speedy trial period to expire before defendant is brought to trial, the defendant is entitle [sic] to an automatic discharge."

Ground Two: "The jurisdictional issue is synonymous the the [sic] facts in Ground One, due to the prosecutor's violation of the 180 day speedy trial period by not bringing Petitioner to trial within the established 180 day speedy trial period from his arrest on felony charges and placed in custody on 1/26/84. The 180 day speedy trial period expired on those charges on 7/25/84. At that time the lower court no longer had jurisdiction over those charges."

Ground Three: "Petitioner was not appointed counsel to represent him while arrest [sic] on felony charges in 1984. The facts are clear. Petitioner was arrested in Alachua County, FL on 1/26/84, on warrants for kidnapping, sexual battery, armed robbery, felon in possession of a firearm, issued by Bay County. Petitioner was carried to first appearance on 1/26/84. The charges were read to him and placed him under an order hold w/o bond. The speedy trial period started on 1/26/84. The speedy trial period expired on the charges in the arrest warrant on 7/25/84. Petitioner did not have a lawyer appointed and because of that Petitioner could not have a motion for discharge filed on his behalf. Information was filed on 5/22/84 charging Petitioner with kidnapping, sexual battery, armed robbery, felon in possession of a firearm. The 180 day speedy trial period expired without Petitioner being brought to trial on the charges filed in the information on 11/18/84. Counsel still had not been appointed to represent Petitioner. Again Petitioner could not file motion for discharges because counsel was not appointed to represent him at all in 1984."

Ground Four: "Fact: the prosecutor amended information [sic] from a null and void information filed on 5/22/84: CT I kidnapping, CT II sexual battery, CT III armed robbery, CT IV felon in possession of a firearm. The amended information was filed 10/17/85, 16 months 26

days after the original information was filed, and 333 days after the speedy trial period expired on the charges filed in the original information. The facts here speaks louder for themselves. The same charges in the amended information, CT I kidnapping, CT II sexual battery, CT III armed robbery, CT IV felon in possession of a firearm, amended with charges from the same criminal episode, CT V having firearm during commission of felony. Like Ground III's [sic] no appointment of counsel. This amended information is obviously invalid."

(ECF No. 1 at 5, 6, 8, 10, 16–17).

## II.   ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 21 at 5). Petitioner does not argue that a different trigger applies (*see* ECF No. 1 at 13, 18; *see also* ECF No. 23), but he does argue he is entitled to federal review of his claims based upon the following language in Henson v. Estelle, 641 F.2d 250, 253 (5th Cir. 1981), "Delay alone is not a bar to federal habeas corpus relief if needed to correct jurisdictional or constitutional error in state court conviction." (*see* ECF No 1 at 18).

Petitioner's conviction became final prior to April 24, 1996, the effective date of the AEDPA; therefore, Petitioner had one year from that date, or until April 24, 1997, to file his § 2254 petition. *See* Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."); Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209 (11th Cir.1998).

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal

limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Here, Petitioner's first post-conviction motion was pending on the effective date of the AEDPA, and remained pending until March 26, 1998, when the First DCA issued the mandate in the post-conviction appeal.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period commenced the next day, on March 27, 1998, and expired one year later, on March 27, 1999.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner filed post-conviction applications that after that date, but none of them tolled the federal limitations period.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state-court application that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled). Therefore, Petitioner's habeas petition is untimely.

Petitioner appears to argue he entitled to federal review of his claims because they are jurisdictional in nature (*see* ECF No. 1 at 18; ECF No. 23).  He appears to

argue that the expiration of the speedy trial period and the failure to appoint counsel until August 6, 1985, deprived the state trial court of jurisdiction to try and convict him.

Petitioner provides no authority, and the court has found none, holding that the federal habeas limitations period of § 2244(d)(1) does not apply to petitions alleging jurisdictional defects in the state trial court. To the contrary, federal courts have dismissed as untimely § 2254 petitions filed outside the one-year limitations period, even though the petitions challenged the state trial courts' jurisdiction to convict and sentence the petitioners. *See* Griffin v. Padula, 518 F. Supp. 2d 671 (D.S.C. 2007) (dismissing § 2254 petition as untimely; rejecting petitioner's argument that the time limitations of the AEDPA did not apply to his petition because his petition challenged the state court's subject matter jurisdiction, and explaining, "there is no exception under the AEDPA for subject matter jurisdiction claims"); *see also, e.g.*, Smith v. Jones, No. 3:14cv195/MCR/EMT, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9, 2015) (unpublished but recognized as persuasive authority) (same); Williams v. Jeter, No. 3:12cv387/MW/EMT, 2013 WL 5496790, at *6 (N.D. Fla. Oct. 2, 2013) (same); Joseph v. Tucker, No. 4:12cv119/SPM/CAS, 2012 WL 5381513, at *1 (N.D. Fla. Nov. 1, 2012) (dismissing petition as untimely and finding, "There is no exception to

the § 2254 time limitation for claims raising challenges to the state court's subject matter jurisdiction."); Frazier v. Crews, No. 2:11cv551, 2013 WL 1856507, at *4 (M.D. Fla. May 2, 2013) (same); King v. Hetzel, No. 2:10cv2701, 2013 WL 1767793, at *3 (N.D. Ala. Mar. 29, 2013) (same), *Report and Recommendation Adopted By*, 2013 WL 1760845 (N.D. Ala. Apr.24, 2013). Therefore, Petitioner failed to demonstrate that the alleged jurisdictional nature of his claims provides an exception to the AEDPA's statute of limitations.

Finally, to the extent Petitioner asserts he is entitled to equitable tolling of the limitations period, his allegations do not satisfy the legal standard. "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly."

Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. *See* Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying "the exercise of a court's equity powers must be made on a case-by-case basis" (internal quotation marks and ellipsis omitted)). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. *See* Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal citation and quotation marks omitted); *see* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts" (internal quotation marks omitted)). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted). A habeas

petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing. *Id.* (citation omitted).

For equitable tolling to apply, there must be a causal connection between the extraordinary circumstances and the failure to file on time. *See* Thomas v. Att'y Gen., 795 F.3d 1286, 1292 (11th cir. 2015). Absent a causal connection, tolling is not available. *Id.*

Here, Petitioner alleges that after the First DCA affirmed the dismissal of his third motion for post-conviction relief on June 12, 2014, he began conducting legal research (*see* ECF No. 1 at 13, 18). Petitioner alleges he is a diabetic, and while he was "sick and under care," some of his records and property were misplaced (*id.* at 18). Petitioner alleges he learned of the one-year federal limitations period in 2016 (*id.*).

None of Petitioner's allegations concern circumstances that existed prior to expiration of the federal limitations period, on March 27, 1999. Therefore, there is no causal connection between the circumstances alleged by Petitioner and his failure to file his § 2254 petition on time.

## III.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, — S. Ct. —, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 21) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED as untimely**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of April 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**